FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50007 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-04261-BTM-1 |
| v. | |
| MANUEL JIMENEZ-SANCHEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted February 8, 2012
Pasadena, California

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

Manuel Jimenez-Sanchez ("Jimenez") appeals from his conviction and

sentence for illegally reentering the United States. He argues that the district court

erred in admitting the "quasi-expert" testimony of a federal agent and that his

rights under the Confrontation Clause were violated by the admission of parts of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

his A-file. He also contends that the district court erroneously held that he was not eligible for a cultural assimilation departure and improperly aggregated his sentences for a prior illegal reentry and violation of supervised parole. We affirm Jimenez's conviction and sentence.[1]

**1.** Jimenez asserts that the district court erred in allowing Agent Brenner to offer "quasi-expert" testimony as to Jimenez's ability to climb White Cross were he under the influence of heroin. Because Jimenez did not object to Agent Brenner's testimony in the district court, we review his assertion for plain error. *United States v. Burgum*, 633 F.3d 810, 813 (9th Cir. 2011). The government did not raise the question of Jimenez's use of drugs in its case in chief. Rather, it was defense counsel who elicited Agent Brenner's opinion that Jimenez appeared to be a drug user. He did so to bolster Jimenez's defense that he lacked the intent to re-enter the United States because he had ingested heroin a couple of hours before his arrest while still in Mexico. Under these circumstances, Jimenez has not shown that the admission of Agent Brenner's testimony was error.

**2.** Jimenez's second argument on appeal is that the district court erred in admitting his A-file, or portions of his A-file. Again, because Jimenez did not

---

[1]     Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

raise the objection in the district court, we review his claim for plain error. *Burgum*, 633 F.3d at 813. Jimenez asserts that pursuant to the Supreme Court's opinion in *Michigan v. Bryant*, 131 S. Ct. 1143 (2011), certain portions of the A-file should be excluded as testimonial. His arguments are not persuasive. Nothing in *Bryant* undermines the business record exception recognized by the Supreme Court in *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527, 2539-40 (2009), and *Bryant*'s "primary purpose" standard cannot be stretched into a "possible use" test. Moreover, Jimenez stipulated to the admission of portions of the A-file, has not identified which portions of the A-file he claims are truly testimonial, and has not proffered any argument as to why the admission of those portions of the A-file is prejudicial.

**3.** Jimenez next argues that the district court improperly held that he was categorically ineligible for a cultural assimilation departure. The district court's sentence is reviewed for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district judge considered Jimenez's request for a cultural assimilation departure, and, as a matter of discretion, declined to grant a deviation based on Jimenez's prior immigration law violations and his repeated resort to criminal activity when he reentered the United States. Jimenez has not shown that

3

the district court incorrectly applied the law or committed a clear error of judgment. *See United States v. Edwards*, 595 F.3d 1004, 1015 (9th Cir. 2010).

**4.** Finally, Jimenez argues that the district court erred in aggregating his prior 30-month sentence for two counts of illegal entry with his 24-month sentence for violating his supervised release. However, the sentences were based on the same underlying conduct, and when the district court asked defense counsel "so the penalty he paid for coming back illegally last time was 54 months," counsel admitted that was true. Moreover, Jimenez does not deny that the district court could properly consider an incremental increase in his sentence. Jimenez has not shown that the district court's determination that a 66-month sentence was the minimum necessary to deter Jimenez and others was unreasonable or an abuse of discretion.

Jimenez's conviction and sentence are **AFFIRMED**.

*United States v. Jimenez-Sanchez*, No. 11-50007

REINHARDT, Circuit Judge, Concurring:

I concur as to points one and two on the ground that there was no plain error.

I concur as to points three and four for the reasons set forth in the majority disposition.